IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01567-WYD-MEH

WILLIAM ADAMS, an individual,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on the Defendant's Renewed Notice of Removal (docket #7), filed October 16, 2008. By way of background, on July, 24, 2008, the Defendant initially removed this action to the United States District Court for the District of Colorado. However, on July 28, 2008, I entered an order remanding the action back to the District Court for the City and County of Denver, Colorado.

In support of its Renewed Notice of Removal, the Defendant states that after reviewing the Order of Remand, Defendant's counsel wrote to Plaintiff's counsel, asking him to confirm that the amount of controversy was less than $75,000. In response to this letter, Plaintiff's counsel indicated that his client would not stipulate that Mr. Adams would recover less than $75,000.

After carefully reviewing the pleadings and the relevant case law, I find that the Defendants failed to comply with the requirements for filing a second notice of removal.

The fact that a case was previously remanded does not, by itself, automatically preclude parties from filing a second notice of removal.  Section 1446(b) permits defendants to file a second notice of removal if subsequent pleadings or events reveal a new and different basis for removal.  *See, e.g., Nicholson v. National Accounts, Inc.*, 106 F. Supp. 2d 1269 (S.D. Ala. 2002), *One Sylvan Road N, Assoc. v. Lark Int'l, Ltd.*, 889 F. Supp. 60 (D. Conn. 2002).  The Tenth Circuit has interpreted the second paragraph of § 1446(b)

> to allow a defendant to remove a state action when it was not originally removable as stated by the plaintiff's initial complaint in the state court, but has become removable due to the filing in state court of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable.

*O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974) (internal quotations omitted).  "According to the statute itself, there must be both an amended pleading or paper and a ground for asserting removability that exists for the first time."  *Id.*

The second paragraph of section 1446(b) must be read in conjunction with 28 U.S.C. § 1447(d) which provides that a remand order "is not reviewable on appeal or otherwise." *Maggio Enterprises, Inc. v. Hartford Casualty Insurance Co.*, 2001 WL 197636 (D.Colo. February 8, 2001). "Thus, while a defendant may re-remove a case pursuant to section 1446(b), where, for example, the plaintiff amends her non-diverse state law complaint after remand to add a federal cause of action, the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which supplies evidentiary support for the argument that the previous remand order was incorrect." *Nicholson*, 106 F. Supp. 2d at 1271.  Here, the second

removal is nothing more that a creative attempt to have the court reconsider its prior remand order. I am unable to do that. *See e.g., Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1184 (10th Cir. 1998); *Whiddon Farms, Inc. v. Delta and Pine Land Co.*, 103 F.Supp.2d 1310, 1311 (S.D. Ala. 2000). (Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand.)

Accordingly, it is

ORDERED that Defendant's Renewed Notice of Removal of Civil Action, filed October 16, 2008 (docket #7) is **DENIED**. It is

FURTHER ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, City and County of Denver, from which the case was removed.

Dated: November 4, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge